**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

FORESCO CO., LTD.,

                Plaintiff,

       -against-

ALBERT OH,

               Defendant.

Case No. 15-CV-02841 (VM)

 

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF**
**ITS MOTION FOR PRE AND POST JUDGMENT INTEREST**

Heath D. Rosenblat
**HEATH D. ROSENBLAT, PLLC**
101 West 23rd Street, #109
New York, New York 10011
Telephone: (917) 972-4255
Facsimile: (212) 202-5370
E-mail: heath.rosenblat@gmail.com

*Counsel for Plaintiff Foresco Co., Ltd*

June 26, 2018

Plaintiff Foresco Co., Ltd. ("Foresco"), pursuant to, respectively, Rule 59(e) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1961, respectfully submits this memorandum of law in support of its motion for pre and post judgment interest on the Judgment (as defined below).

## I.     PRELIMINARY STATEMENT

At the conclusion of a three (3) day jury trial held May 29 through May 31, 2018, the jury returned a verdict in favor of Foresco and against Defendant Albert Oh ("Oh") for $1,254,449.90.  Consistent with the jury's verdict, on June 5, 2018, the Court entered the *Judgment* (ECF No. 86) (the "Judgement") that "ordered, adjudged and decreed" that Foresco "have judgment in the sum of $1,254,449.90 as against [Oh]."  Judgment at 1.  Foresco seeks to have the Judgment amended to provide for an award of pre-judgment interest under Section 5001 of the New York Civil Practice Law and Rules ("CPLR") at the rate prescribed in Section 5004 of the CPLR (*i.e.*, 9% per annum on a simple basis).  Foresco also seeks to have the Court award it post-judgment interest on the Judgment until fully satisfied by Oh at the rate of 2.2275% in accordance with 28 U.S.C. § 1961.

As the Court is aware, the dispute in the above-captioned action centered on the breach of a document entitled *Promissory to Settle Balance* (the "Guaranty").  The Guaranty represented Oh personally taking on the responsibility and guarantying payment of a debt of his business Flash Ventures, Inc.  The Guaranty was signed and delivered by Oh to Foresco in 2014.  The amount set out in the Guaranty, and now the Judgement (*i.e.*, $1,254,449.90), had been owed to Foresco for some time; in fact, as far back as the middle of 2012.  Regardless of that fact, and in light of the fact that Foresco agreed to hold off collection of the debt (*i.e.*, Foresco provided forbearance to Oh) from Oh under the Guaranty as the parties worked out a payment method,

Foresco has elected to seek pre-judgment interest only from the date of the filing of the *Verified Complaint* (ECF No. 1) (the "Complaint"), which was filed on April 13, 2015.  The Complaint was subsequently amended by the *First Amended Complaint*, dated July 24, 2015 (ECF No. 13) ("Amended Complaint").

Foresco's request for pre-judgment interest is consistent with Count III of the Amended Complaint.  *See* Amended Complaint at p.6-7. More specifically, in paragraph 31 of the Amended Complaint Foresco stated "[d]efendant's foregoing breach has caused Foresco to incur substantial monetary damages, as a result of which Defendant is liable to Foresco for no less than $1,254,449.90, plus such attorney's fees, costs, and interest to which Foresco may be entitled." Amended Complaint at p.7 (emphasis in original).[1]

For the reasons stated above and set forth below, Foresco respectfully requests that the Court amend the Judgment to include pre-judgment interest and award Foresco post-judgment as more fully addressed below.

## II.   LEGAL STANDARD

When an action is commenced in a federal court pursuant to diversity jurisdiction under 28 U.S.C. §1332 such as here (*see* Amended Complaint at ¶7), state law applies to an award of pre-judgment interest.  *Stanford Square, L.L.C. v. Nomura Asset Capital Corp.*, 232 F.Supp.2d 289, 291-92 (S.D.N.Y. 2002) citing *Schwimmer v. Allstate Ins. Co.,* 176 F.3d 648, 650 (2d Cir. 1999); *Baker v. Dorfman,* 239 F.3d 415, 425 (2d Cir. 2000).  Further, in an action for breach of contract pre-judgment interest is "awarded under New York law as a matter of right for contract damages: "'Interest shall be recovered upon a sum awarded because of a breach of performance of a contract, or because of an or omission depriving or otherwise interfering with title to, or

---

[1]   The quoted language is identical to the language in paragraph 28 of the Complaint.  As such, the request for interest was made from the commencement of this action.

possession or enjoyment of, property, except that in an action of an equitable nature, interest and the rate and date from which it shall be computed shall be in the court's discretion.'"  *Id.* at 292 citing CPLR § 5001(a).   Under Section 5004 of the CPLR, pre-judgment interest is to be calculated at the rate of 9% per annum on a simple basis.  CPLR § 5004.

Moreover, 28 U.S.C. § 1961 provides in pertinent part that:

> (a) Interest shall be allowed on any money judgment in a civil case recovered in a district court. . . .   Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment. . . .

> (b) Interest shall be computed daily to the date of payment . . . and shall be compounded annually.

28 U.S.C. § 1961.

## III.     ARGUMENT

Pursuant to the CPLR and relevant authority, Foresco is due pre-judgment interest. Additionally, under 28 U.S.C. § 1961, Foresco is entitled to post-judgment interest.

### A.     Foresco is Due Pre-judgment Interest

In light of the fact that (a) the above-captioned action is an action in law providing for damages pursuant to the Guaranty and (b) Foresco specifically set out a request for interest to which Foresco may be entitled in its breach of contract count (Count III) in the Amended Complaint, pre-judgment interest is due to Foresco.  *See Hilord Chem. Corp. v. Ricoh Elecs.,* 875 F.2d 32, 39 (2d Cir. 1989) (interest under the statute is recoverable as of right when the action is one at law).  Utilizing April 13, 2015 – the date the Complaint was filed – as the date from which

to begin calculating the pre-judgment interest[2], Foresco seeks the following amounts of pre-judgment interest:[3]

- 2015 – 1,254,449.90 x .09 ÷ 365 x 263[4] = $81,348.53;

- 2016 – 1,254,449.90 x .09 = $112,900.49;

- 2017 – 1,254,449.90 x .09 = $112,900.49; and

- 2018– 1,254,449.90 x .09 ÷ 365 x 156[5] = 48,252.36

Based on the above calculations, pre-judgment interest is due to Foresco in the total amount of $355,401.87.

### B.    Foresco is Entitled to Post Judgment Interest

28 U.S.C. § 1961 states that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court."  In light of the use of the term shall, Foresco is entitled to, but seeks an order from this Court out of an abundance of caution, an award of post-judgment interest until such time as Oh satisfies the Judgment.[6]  The rate applicable here is 2.2275%, which was calculated as the weekly average of the 1-year constant maturity Treasury yield for the week of May 29 through June 1, 2018.[7]

---

[2]    In accordance with Section 5001(c) of the CPLR, Foresco has decided to only seek from the Court a determination that pre-judgment interest accrue from the commencement of the above-captioned action in order to avoid any disputes concerning (a) its demand for payment in the letter sent to Oh's counsel dated March 23, 2015 or (b) when the breach was first ascertainable (to the extent even applicable here in light of the fact that the Guaranty provided no specific payment date).

[3]    Also, to avoid any dispute, when necessary Foresco has rounded any amount downward.

[4]    April 13, 2015 (the date of the filing of the Complaint) was the 103rd day of 2015, so if one includes that day, there were 263 days in 2015 for which interest should be applied.

[5]    June 5, 2018 (the date of entry of the Judgment) was the 156th day of 2018.

[6]    This is not and shall not constitute a waiver to Foresco's Bill of Costs or Foresco's request for pre-judgment interest, which if approved will also be included in any post-judgment interest calculation and need to be satisfied for post-judgment interest to stop accruing under 28 U.S.C. § 1961.

[7]    The week of May 29, 2018 only had four (4) days due to the Memorial Day Holiday.

## IV.     CONCLUSION

For the foregoing reasons, Foresco respectfully requests that the Court (a) amend the Judgment in its favor and against Oh in the amount of $1,254,449.90 to include $355,401.87 in pre-judgment interest and (b) to provide for an award of post-judgment interest at the rate of 2.2275% to be applied in accordance with 28 U.S.C. § 1961 until such time as Oh satisfy the full amount of the Judgment inclusive of all awarded costs and pre-judgment interest.


Dated:  New York, New York            Respectfully Submitted,
        June 26, 2018

                                      **HEATH D. ROSENBLAT, PLLC**


                                      By:___ */s/ Heath D. Rosenblat*_____
                                            Heath D. Rosenblat
                                      101 West 23rd Street, #109
                                      New York, New York 10011
                                      Telephone: (917) 972-4255
                                      Facsimile: (212) 202-5370
                                      E-mail: heath.rosenblat@gmail.com

                                      *Counsel for Plaintiff Foresco Co., Ltd.*